# Exhibit 1

| | | |
|---|---|---|
| **HISHAM HASSAN**<br>833 Regents Square<br>Oxon Hill, Maryland 20745 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | PRINCE GEORGE'S COUNTY |
| **MGM NATIONAL HARBOR, LLC**<br>3950 Las Vegas Boulevard South<br>Las Vegas, Nevada 89119<br>SERVE ON:<br>CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street<br>Suite 820<br>Baltimore Maryland 21202 | *<br><br>*<br><br>*<br><br>* | CASE NO. _____<br><br><br>**JURY TRIAL PRAYED** |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Hisham Hassan, by and through his attorneys, Lauren M. Geisser and Gilman & Bedigian, LLC, sues MGM National Harbor, LLC (hereinafter "Casino") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That said Defendant operates a casino, known as the "MGM National Harbor" at 101 MGM National Ave, Oxon Hill, Maryland (hereinafter "Premises"), which is in Prince George's County, Maryland.

2. That upon information and belief, the Defendant is a property owner and property manager and is otherwise responsible for the maintenance and care of the male restrooms on the main floor of the casino, near the slot machines and the blackjack tables, at the Premises, for use by its patrons and invitees.

3. That on or about September 22, 2018, Plaintiff was a lawful invitee/licensee onto the Premises.

4. That on September 22, 2018, while Plaintiff walking into the men's restroom, as described above, Plaintiff violently slipped and fell on a wet floor, sustaining injuries.

5. The condition of the Premises created a hazard for Plaintiff of which the Defendant was aware of, or at a minimum, should have been aware of.

## COUNT I
(Negligence against Casino)

6. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 5 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

7. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said Premises.

8. That as an invitee/licensee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed, to use reasonable care to make the Premises safe, and/or to warn the guest of the condition as it could not have been reasonably discovered.

9. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failing to maintain a safe entrance and exit into its Premises by failing to keep its interior floors, sidewalks, restrooms, and surrounding public walking areas safe; and was otherwise negligent in causing this accident.

10. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff, thereby causing him to be injured.

11.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the head, body, and limbs.

12.     Plaintiff was also caused to undergo medical care and treatment; to incur medical expenses with which reasonable probability will be expected to be incurred in the future; and to lose time from his other daily pursuits and enjoyments with which reasonable probability will be expected to be incurred in the future.

13.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT II
(Premises Liability against Casino)

14.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 13 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

15.     That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

16.     That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed, to use reasonable care to make the Premises safe, and/or to warn the guest of the condition as it could not have been reasonably discovered.

17. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failing to maintain a safe entrance and exit into its Premises by failing to keep its interior floors, sidewalks, restrooms, and surrounding public walking areas safe; and was otherwise negligent in causing this accident.

18. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff, thereby causing him to be injured.

19. That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the head, body, and limbs.

20. Plaintiff was also caused to undergo medical care and treatment; to incur medical expenses with which reasonable probability will be expected to be incurred in the future; and to lose time from his other daily pursuits and enjoyments with which reasonable probability will be expected to be incurred in the future.

21. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

_____
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

_____
Lauren M. Geisser